

h.... c... f....

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 1, 2016

**By Hand**

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, New York 10007

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
FILED: 1/1/16

Re:    **DNAinfo's Request to Unseal Certain Information,**
         **16 Misc. 239**

Dear Judge Carter:

On or about June 22, 2016, Janon Fisher, on behalf of online publication DNAinfo New York, submitted a letter to the Court seeking disclosure of information relating to what the letter characterizes as a sealed matter involving the plea of a cooperating witness (the "DNAinfo Letter"). On or about June 24, 2016, the Honorable P. Kevin Castel, presiding as Part 1 Judge, directed the Government to submit a response to the DNAinfo Letter that "need not, in the first instance, confirm the existence of any matter that is under seal, but should address the lawfulness of its practices in obtaining sealing and delayed docketing orders and the scope of any right of public access thereto" (the "June 24 Order"). The Government respectfully submits this letter to address the items raised by the Court in the June 24 Order.[1]

Although there is a qualified right of public access to court documents under the First Amendment and common law, the Second Circuit has recognized that documents may be filed and maintained under seal to protect, among other things, a cooperating defendant's safety or where an ongoing criminal investigation may be jeopardized. See United States v. Cojab, 996 F.2d 1404, 1408 (2d Cir. 1993) ("we have recognized as additional sufficient reasons for closure and sealing those occasions where an ongoing government investigation may be jeopardized"); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of

---

[1] Pursuant to the June 24 Order, the Government is not addressing in this letter the existence of any matter that is currently under seal. The Government will provide such further information as the Court may desire, under seal as may be appropriate.

a plea agreement that referred to a defendant's ongoing cooperation); Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit also has recognized that docketing the applications to seal materials relating to a cooperating witness could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

As a general matter, and in accordance with established Second Circuit precedent, it is the Government's practice to request sealing of materials relating to cooperating witnesses when sealing is necessary to protect the witness's safety, to protect the integrity of ongoing law enforcement efforts, and/or to protect the secrecy of sensitive matters affecting a criminal proceeding. See, e.g., Cojab, 996 F.2d at 1407-09; Haller, 837 F.2d at 88. In addition, where even notice of an application to seal such materials could alert other individuals to the existence of the cooperating witness, and thus put the witness's safety at risk or jeopardize ongoing investigations, it is the Government's practice to seek delayed docketing of entries relating to cooperating witnesses. See Cojab, 996 F.2d at 1408-09.

Consistent with Second Circuit law, the Government generally seeks to keep matters relating to cooperating witnesses under seal only until the concerns regarding the safety of witnesses and the risks posed to ongoing investigations are no longer present. See id. (finding that orders directing sealing must be "narrowly drawn as to serve the specific, identifiable interest" of protecting witness safety or ongoing investigations). In that regard, Courts in this District often require the Government to update the Court, at periodic intervals, of the continued need for sealing.

<div style="margin-left:50%;">

Respectfully submitted,

PREET BHARARA
United States Attorney

</div>

By: _____
Martin Bell / Russell Capone /
Kan M. Nawaday / Lauren Schorr
Assistant United States Attorneys
Southern District of New York
(212) 637-5361 / 2247 / 2311 / 2299

Cc: Janon Fisher (By email: jfisher@dnainfo.com)