NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/16

July 8, 2016

Hon. Andrew L. Carter
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Dear Judge Carter:  16 mc 239

    The U.S. Attorney's response to my request to unseal the criminal case involving a cooperating witness in a federal public corruption investigation does not adequately justify closing the case to the public.

    In keeping with the Honorable P. Kevin Castel's June 24, 2016 order, the U.S. Attorney sent a letter dated July 1, 2016 explaining the procedures and arguments for sealing criminal cases.

    The judge instructed the federal prosecutors that they "need not, in the first instance, confirm the existence of any matter that is under seal."

    It should be pointed out, however, that the government has already acknowledged the sealing of the criminal court case of CW-1, identified in DNAinfo and numerous other press outlets as Jona Rechnitz, in the US V. Seabrook case (16-MJ-3626 or 16-CR-00467).

    In that case, Norman Seabrook, the former president of the Correction Officers Benevolent Association was accused of accepting kickbacks in exchange for steering union retiree benefits into the hedge fund operated by investment banker Murray Huberfeld. The federal investigator in the case states, "CW-1 has pleaded guilty to conspiring to commit honest services fraud in connection with, among other things, this matter and is providing information to the government in the hope of obtaining leniency when he is sentenced...CW-1 has done business with Huberfeld."

    In fact, the government has made a de facto identification of CW-1 in their complaint against Seabrook and Huberfeld through the highly detailed complaint. Certainly his identity is no secret to Seabrook and Huberfeld, who considered him a "friend and sometimes business partner." Seabrook received cash, Knicks tickets and airfare from CW-1.

    Seabrook and Huberfeld have known about the criminal investigation for many months and had ample opportunity to act against CW-1 for his cooperation with the federal government. On June 8, 2016, DNAinfo, The New York Times, the New York Daily News, the New York Post, NBC News, the Associated Press and other news outlets reported that Jona Rechnitz was the CW-1 identified in the criminal complaint (see attachment). There has been no indication that he has been threatened or harmed in the month that has passed since then.

810 7th Ave. Suite 800 | New York, NY 10019
Main (646) 435-9100 | Fax (646) 368-6820
DNAinfo.com

Nowhere in criminal complaint or the subsequent indictment against the union boss and the hedge fund manager does it suggest that they are prone to violence, nor that they have threatened to kill the cooperating witness. This appears to be a financial crime with a public corruption component. The lack of threat eliminates the need to seal the file for the protection of the defendant in the case.

For these reasons and reasons already stated in my previous request, I ask that the case be unsealed.

Thank you for your time.

Sincerely,

Janon Fisher
Editor
DNAinfo New York
(646) 591-8732

cc: Assistant U.S. Attorney Russell Capone, Defense Attorney Alan Levine

---

The USAO shall, by July 26, 2016, submit a sealed *ex parte* letter to the Court indicating whether any possibly pending criminal proceedings that Mr. Fisher asserts may be under seal are in fact under seal or not and, if so, whether the requirements of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) have been complied with. Should no such proceedings exist, the USAO shall so indicate in its letter. So ordered.

U.S.D.J.
Part 1
July 25, 2016

---

Having reviewed the government's sealed *ex parte* letter, Mr. Fisher's application is denied. To the extent that any relevant criminal proceedings exist, the requirements of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) have not been violated, and to the extent no such proceedings exist, the request is moot. So ordered.

U.S.D.J.
Part 1
July 27, 2016

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 27 2016